**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 19 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JULIA LOPEZ-SANCHEZ,<br><br>     Petitioner,<br><br> v.<br><br>ROBERT M. WILKINSON, Acting<br>Attorney General,<br><br>     Respondent. | No. 15-71105<br><br>Agency No. A205-319-755<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2021[**]

Before:  GRABER, FRIEDLAND, and BENNETT, Circuit Judges.

 Julia Lopez-Sanchez, a native and citizen of Mexico, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's ("IJ") decision denying her application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

  [**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252.  We deny in part and dismiss in part the petition for review.

We reject as unsupported by the record Lopez-Sanchez's contentions that the BIA failed to properly consider her case and failed to consider due process violations that occurred before the IJ.

As to asylum and withholding of removal, Lopez-Sanchez fails to challenge the agency's adverse credibility determination.  *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).  Without credible testimony, Lopez-Sanchez is ineligible for asylum or withholding because the remaining evidence in the record is insufficient to support her claims.  *Yali Wang v. Sessions*, 861 F.3d 1003, 1009 (9th Cir. 2017).  We do not address Lopez-Sanchez's contentions regarding the cognizability of her proposed social group because the BIA did not deny relief on that ground.  *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) (review limited to the grounds relied on by the BIA).  Thus, we deny the petition as to Lopez-Sanchez's asylum and withholding of removal claims.

Lopez-Sanchez also fails to challenge the BIA's determination that she did not appeal the IJ's denial of CAT relief.  *See Lopez-Vasquez*, 706 F.3d at 1079-80.  We reject as unsupported by the record Lopez-Sanchez's contention that the BIA failed to consider arguments as to CAT eligibility.  Thus, we deny the petition as to

2                                                                          15-71105

Lopez-Sanchez's CAT claim.

We lack jurisdiction to consider Lopez-Sanchez's contentions that the IJ violated her right to due process in the assessment of her CAT claim, or her contentions regarding her eligibility for CAT relief, because she failed to raise these arguments before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004). Thus, we dismiss the petition to the extent it asserts these contentions.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**